Fuchsberg, J.
(dissenting). The offering of a hearing on notice so short that it may have consisted of no more than some "minutes” made it a mockery. No exigency is claimed in justification for this brevity. On a matter as vital to the petitioner as dismissal from the medical college and the accompanying frustration of his planned professional career, the shock of the instantaneousness of this procedure was likely to have rendered the petitioner even less capable of meaningful participation in a hearing than if none had been offered him at all. Thus, there was not even minimal due process.
Yet, ingredients of the "supposed 'personality conflicts’ *481 which petitioner experienced in clinical settings” (to quote the descriptive language employed in the opinion written [p 295] for the Appellate Division majority by Mr. Justice Harry D. Goldman) are just the kind of characteristics so frequently instinct with an admixture of the subjective and objective as to warrant the limited procedural due process ordered by that court. In such a case, a rigid dichotomy between the levels of due process to be accorded students threatened with dismissal for academic reasons and those put in similar jeopardy for nonacademic reasons seems particularly inappropriate (cf. Board of Curators, Univ. of Mo. v Horowitz, 435 US 78, 96 [Marshall, J., concurring]).
Even more urgent need for some level of due process is to be found in the fact that the medical college had deemed the petitioner’s performance sufficiently acceptable to have advanced him from year to year and to have invited him to take a fifth one as a prelude to graduation. As footnote 2 of the majority opinion demonstrates, petitioner’s deficiencies, such as they were, were known to the college authorities during all this period. He nevertheless was encouraged to continue to expend the years, the efforts and the moneys that his long course of study entailed. When the college took its belated action on the very eve of the completion of his medical schooling, the level of his achievement was not then substantially different from what it had been earlier. To what extent this remarkable delay, if delay is all it was, was due to what the record also reveals to have been a largely standardless grading system is not at all clear. But it most certainly invites exploration at a hearing.
Under these circumstances, neither academic freedom nor independence of educational management was in any way undermined by the Appellate Division’s conclusion that fairness would best be served by requiring the college to grant petitioner an informal hearing noticed for a time that would permit opportunity to prepare to meet whatever hard evidence was relied on for the proposed action. Accordingly, the order should not be disturbed.
Chief Judge Breitel and Judges Jasen, Gabrielli, Wachtler and Cooke concur with Judge Jones; Judge Fuchsberg dissents and votes to affirm in a separate opinion.
Order reversed, etc.